IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SANTIAGO ALMAGUER,**

      **Petitioner,**

**v.**                                            **CIV 04-0267 MCA/LAM**

**ERASMO BRAVO, Warden, et al.,**

      **Respondent.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on *Respondent's Motion to Dismiss Petition For Writ of Habeas Corpus With Prejudice*. *(Doc. 13)*. Petitioner, Santiago Almaguer filed an Application For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 By A Person In State Custody *(Doc. 1)*, on March 10, 2004, following exhaustion of state remedies. Because Petitioner filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), its standards apply to this case. *E.g., Upchurch v. Bruce*, 333 F.3d 1158, 1162-63 (10th Cir.), *cert. denied*, 124 S. Ct. 839 (2003); *Paxton v. Ward*, 199 F.3d 1197, 1204 (10th Cir. 1999).

The undersigned United States Magistrate Judge, having reviewed the Petition for a Writ of Habeas Corpus *(Doc. 1)*, Respondent's Answer and accompanying exhibits *(Doc. 14)*, Respondent's Motion to Dismiss *(Doc. 13),* and Petitioner's Reply [Response] to Respondent's Motion to Dismiss

---

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Petition *(Doc. 15)*, **FINDS** that the Motion to Dismiss is well-taken and **RECOMMENDS** that it be **GRANTED** and that Petitioner's Application For A Writ of Habeas Corpus be **DISMISSED with prejudice**. All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary. *E.g., Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000); Rule 8(a), Rules Governing Habeas Corpus Under Section 2254.

## I. Factual and Procedural Background

On March 12, 2001, Albuquerque Police Department detectives went to Petitioner's apartment to execute a search warrant for evidence relevant to cocaine trafficking. Upon arrival at the apartment, the detectives saw two men at the door of the apartment and announced "police." The men quickly entered the apartment and closed the door.[2] The detectives followed them into the apartment and found Petitioner and another man seated on a couch and two women in a bedroom. One of the women, co-defendant Darlene Moya, had a rock of crack cocaine in her pants pocket. A glass pipe used to smoke either crack cocaine or methamphetamine was found in the bedroom. The detectives also found a bag containing 25 rocks of crack cocaine in the freezer. At the trial, a detective admitted the bag was not visible until he emptied the freezer. Also at trial, there was

---

[2]Petitioner disputes that the officers announced "police" prior to Petitioner and the other man going inside the apartment and states that he saw men dressed in black with no markings identifying themselves as police officers, wearing ski masks, with guns drawn and that he believed them to be "asaltantes" or robbers. *(Doc. 1 at 13; Doc. 15 at 2)*. Petitioner argues that, under these circumstances, his quick entry into his apartment was reasonable and that no juror could have reasonably inferred by this behavior that he hastened into the apartment in order to conceal the drugs or that it evidenced knowledge of the contraband and control over the premises. In any event, the New Mexico Court of Appeals found that the jury could have reasonably inferred from Petitioner's behavior that he had knowledge and control over the premises and its contents. *(Doc. 14, Answer, Exhibit F at 4)* ("Although Defendant [Petitioner] contends that his conduct was not probative, the fact finder could had inferred that Defendant hastened into the apartment in order to conceal the contraband it contained. Viewed in this manner, Defendant's flight provides further evidence of knowledge and control.").

testimony that a receipt from PNM was found with Petitioner's name and the apartment address (indicating Petitioner was the lessee of the apartment) and testimony that Ms. Moya claimed she and Petitioner both lived in the apartment. *(Doc. 1 at 5-6; Answer, Exhibit C).*

On May 31, 2002, a jury convicted Petitioner of the offenses of Trafficking (by possession with intent to distribute cocaine), a first degree felony; and Possession of Drug Paraphernalia, a misdemeanor offense. The offenses occurred on or about March 12, 2001. *(Answer, Exhibit A).* Petitioner was sentenced to serve a term of twelve (12) years (mitigated from eighteen (18) years) and three hundred and sixty-four (364) days, followed by two (2) years of parole. *(Answer, Exhibit A).* Petitioner is currently incarcerated in a New Mexico correctional facility pursuant to a Judgment, Partially Suspended Sentence and Commitment of the Second Judicial District Court, County of Bernalillo, State of New Mexico in case No. CR 01-01047. *(Answer, Exhibit A).*

Petitioner, through his attorney, filed a Notice of Appeal to the New Mexico Court of Appeals on September 19, 2002. *(Answer, Exhibit B).* In his Docketing Statement of October 18, 2002, Petitioner claimed there was insufficient evidence to establish all elements of either the crime of Trafficking or the crime of Possession of Drug Paraphernalia. The Petitioner also claimed the trial court erred in denying his motion for directed verdicts (based on the insufficient evidence assertion) on both the Trafficking and Possession of Drug Paraphernalia counts. *(Answer, Exhibit C).*

On November 18, 2002, the New Mexico Court of Appeals filed a Notice of Proposed Summary Affirmance. *(Answer, Exhibit D).* On January 29, 2003, Petitioner filed a Motion to Amend the Docketing Statement and Memorandum in Opposition to Proposed Summary Affirmance. *(Answer, Exhibit E).* Petitioner requested permission to amend the Docketing Statement to add a

new issue. The new issue presented was a claim that the jury was improperly instructed on the definition of "possession." *(Id.)*

In a Memorandum Opinion on February 11, 2003, the New Mexico Court of Appeals denied Petitioner's motion to amend the docketing statement for lack of merit, finding the failure to provide a second definitional instruction regarding "possession" to the jury did not rise to the level of fundamental error. *(Answer, Exhibit F)*. The Appeals Court also rejected Petitioner's claim of ineffectiveness of counsel based on counsel's failure to request the additional jury instruction. *(Id.)* On Petitioner's insufficient evidence claims, the Appeals Court found that the State provided sufficient evidence based on Petitioner's control over the apartment and his conduct, to allow the fact finder to infer that Petitioner knew of the presence of the cocaine and the pipe, that Petitioner exercised control over these items, and that Petitioner possessed the requisite intent. *(Id.)* Petitioner's convictions were affirmed.

Petitioner filed a Petition for Writ of *Certiorari* in the New Mexico Supreme Court, arguing his due process rights were violated by the Court of Appeals ruling that the jury instructions were adequate and that the jury had sufficient evidence to convict Petitioner of the crimes. The Supreme Court denied *certiorari* without comment on March 25, 2003. *(Answer, Exhibit H)*. Petitioner was represented by appointed counsel through the trial and appellate proceedings. *(Answer, Exhibits A-H)*.

On August 7, 2003, Petitioner, proceeding *pro se* and *in forma pauperis*, filed a Motion for Reconsideration of Sentence with the Second Judicial District Court requesting a modification of his sentence. *(Answer, Exhibit J)*. Petitioner maintained his innocence and blamed his conviction on his attorney's lack of interest in his defense. *(Id.)* The Second Judicial District Court summarily

4

dismissed Petitioner's Motion for Reconsideration of Sentence because Petitioner was not entitled to relief as a matter of law. *(Answer, Exhibit K)*. On January 12, 2004, Petitioner filed a Motion for Production of Documents/Notice of Intent to File Petition for Writ of Habeas Corpus. *(Answer, Exhibit L)*. The Second Judicial District Court denied Petitioner's request for documents. *(Answer, Exhibit M)*.

On March 10, 2004, Petitioner filed a *pro se* federal Application For a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody in the United States District Court in New Mexico. *(Doc. 1)*. The Application presented the same arguments as presented to the New Mexico Court of Appeals and the New Mexico Supreme Court - - that the jury instructions were inadequate and there was insufficient evidence presented to support his convictions. *(Doc. 1)* Respondent answered and moved to dismiss on May 6, 2004. *(Docs. 13, 14)*. Petitioner replied to Respondent's motion to dismiss on July 13, 2004 alleging his conviction "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *(Doc. 15)*.

## II. Claims Raised In Petitioner's Application For A Writ of Habeas Corpus

In his Application For A Writ of Habeas Corpus *(Doc. 1)*, Petitioner alleges that the District Court's failure to provide the jury with a second definitional instruction on the legal definition of "possession" constituted fundamental error. *(Doc. 1 at 3-4)*. The District Court did instruct the jury on the definition of "possession" (of substances) utilizing UJI 14-3130 NMRA 2003, but Petitioner insists the court should also have instructed the jury a second time on the definition of "possession" (of objects) utilizing UJI 14-130 NMRA 2003. *(Id.)*.

5

Plaintiff also asserts that there was insufficient evidence to support the verdict and the lack of evidence violates his state and federal constitutional rights to due process of law. *(Doc. 1 at 10)*. Petitioner claims the state failed to establish that he exercised exclusive control over the premises where the drugs and paraphernalia were found as other people were present during the search and shared the apartment. *(Doc. 1 at 11)*. Petitioner also claims that his conduct, in particular his flight away from the detectives and into the apartment, was innocent and not probative of any criminal activity. *(Doc. 1 at 13)*.

### III.  AEDPA Standard Of Review

Under AEDPA, because Petitioner's claims were adjudicated on the merits in state court, he is entitled to federal habeas relief only if he can establish that the state court decision is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;" or (2) "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2). The Supreme Court has construed and reiterated the proper application of these statutory provisions over the course of several recent opinions. *See Mitchell v. Esparza*, 540 U.S. 12, 124 S. Ct. 7 (2003) *(per curiam)*; *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527 (2003); *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848 (2003); *Lockyer v. Andrade*, 538 U.S. 63 (2003); *Woodford v. Visciotti*, 537 U.S. 19 (2002) *(per curiam)*; *Early v. Packer*, 537 U.S. 3 (2002) *(per curiam), rehearing denied*, 537 U.S. 1148 (2003); *Bell v. Cone*, 535 U.S. 685 (2002); *Williams v. Taylor*, 529 U.S. 362 (2000); *see also Miller v. Mullin*, 354 F.3d 188, 2004 WL 96739 (10th Cir. 2004).

Under 28 U.S.C. § 2254(e)(1), the law states that

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Tenth Circuit has held that AEDPA "increases the deference to be paid by the federal courts to the state court's factual and legal determinations." *Houchin v. Zavaras,* 107 F.3d 1465 (10th Cir. 1997).

Petitioner's claims have been adjudicated by the state courts below in his Appeal From the Second Judicial District Court decision to the New Mexico Court of Appeals *(Doc. 14, Answer, Exhibits C, E)*, in his Petition for Writ of Certiorari to the New Mexico Court of Appeals with the Supreme Court of New Mexico *(Id., Exhibit G)*, and in his Motion for Reconsideration of Sentence *(Id., Exhibit J)*. The Court of Appeals affirmed the decision of the Second Judicial District Court. The Supreme Court of New Mexico denied the petition for *writ of certiorari* without comment. Furthermore, the Second Judicial District Court summarily dismissed the motion for reconsideration. *(Doc. 14, Answer, Exhibit K)*. The issue now before this Court is whether the adjudication on the merits below resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in an unreasonable determination of the facts.

### III.  Analysis

#### A.  Sufficiency of the Evidence

Sufficiency of the evidence issues are resolved as questions of law under AEDPA. Therefore, this Court must determine whether the state court's decision that the evidence was sufficient is "contrary to or an unreasonable application of *Jackson* [*v. Virginia*, 443 U.S. 307 (1979)]." *Spears*

*v. Mullin*, 343 F.3d 1215, 1238 (10th Cir. 2003), *cert. denied*, 124 S. Ct. 1615 (2004); *see also Torres v. Mullin*, 317 F.3d 1145, 1151-52 (10th Cir. 2003), *cert. denied*, 124 S. Ct. 562 (2003); 28 U.S.C. § 2254(d)(1). Under *Jackson*, the relevant inquiry is whether, after viewing all of the evidence "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis original). "The *Jackson* standard 'gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Spears*, 343 F.3d at 1238 (quoting *Jackson*, 443 U.S. at 319). Accordingly, this Court can neither reweigh the evidence nor substitute its judgment for that of the jury. *E.g., Barbee v. Calbone*, 15 Fed. Appx. 752, 755 (10th Cir. 2001); *Wingfield v. Massie*, 122 F.3d 1329, 1332 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

The Court of Appeals noted that to support a conviction for trafficking, it was necessary for the state to introduce proof of possession, knowledge, and intent to transfer. NMSA 1978, § 30-31-20(A)(3) (1990). The state relied on a theory of constructive possession and presented circumstantial evidence (PNM receipt and testimony) that Petitioner lived in the apartment where the drugs were found and exercised control over the premises and its contents. *(Answer, Exhibit F at 3)*. The state also provided evidence that Petitioner attempted to evade the detectives as they approached with the search warrant, suggesting knowledge that illegal substances were present. *(Id. at 4)*. Intent to distribute may be inferred when the amount of a controlled substance is inconsistent with personal use. In this case, 25 rocks of crack cocaine were found. The Court of Appeals also addressed Petitioner's allegation that the presence of other people in the apartment during the search and the presence of a roommate argued against his exclusive control. *(Id. at 4)*. The Court noted that

8

exclusive control was not required as Petitioner's control of the premises and conduct allowed the fact finder to infer Petitioner's knowledge of the drug and pipe, no matter the presence of others. *(Id. at 4).*

For a conviction of possession of drug paraphernalia (pipe), the State had to provide proof of possession, and intent to use. NMSA 1978, § 30-31-25.1(A) (2001). The Court used the same analysis as above to affirm Petitioner's constructive possession of the drug paraphernalia. *(Id. at 3).* Petitioner had control of the premises and the fact finder could rationally deduce that Petitioner also exercised control over the pipe. *(Id.).* The Court also found, as to the intent to use the pipe, the nature of the item and the presence of cocaine provided sufficient evidence for a fact finder to infer intent to use. *(Id. at 4).* The Court of Appeals found, based on Petitioner's control of the apartment and his conduct, that a fact finder could reasonably infer that Petitioner knew of the drugs and pipe, exercised control over the items, and possessed the requisite intent. *(Id.)*

Viewing the evidence in the light most favorable to the prosecution, this Court concludes that the state court's decision was not contrary to, or involved an unreasonable application of, clearly established law. Nor does this Court find that the decision below was based on unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B. Failure To Provide Jury Instruction On Possession

Petitioner argues that the District Court's failure to instruct the jury on the legal definition of possession constituted a fundamental error. *(Doc. 1).* The jury was given UJI 14-3130, NMRA 2002, which is a definitional instruction for the possession of controlled substances. Petitioner claims the court erred in not also providing the jury with UJI 14-130, NMRA 2002, which is virtually identical to UJI 14-3130, except that it applies to objects rather than substances. Because UJI 14-130

9

is a definitional instruction and not part of the elements of the offense, the failure to give the instruction can be reviewed only for fundamental error under New Mexico law. *State v. Sosa*, 1997-NMSC-032, ¶¶ 23-24, 123 N.M. 564, 943 P.2d 1017.

Fundamental error "applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice had not been done." *State v. Orosco*, 113 N.M. 780, 784, 833 P.2d 1146, 1150 (1992). In this case, the jury was given an instruction on the definition of possession (of a substance) and a reasonable fact finder would not have been "confused or misdirected" by the lack of a second instruction on possession (of an object). *See State v. Cunningham*, 2000-NMSC-009, ¶ 14, 128 N.M. 711, 998 P.2d 176. It is well established in federal law that jury instructions are to be viewed as a whole and not in isolation. *See Boyde v. California*, 494 U.S. 370, 378 (1990).

In this case, the Court of Appeals found that the failure to provide a second definitional jury instruction did not rise to the level of fundamental error. *(Answer, Exhibit F at 2)*. The Court found that the term "possession" is commonly used and understood, the jury did have one legal definition of possession, and that the distinctions between UJI 14-130 and UJI 14-3130 were minimal, and, therefore the jury was adequately informed of the legal definition of possession. *(Id.)*.

In reviewing the state court's decision, that the failure to provide a second definitional instruction to the jury was not fundamental error, this Court finds that the conclusions of the state court are not contrary to or an unreasonable application of clearly established federal law.

### IV.  Conclusion

The claims presented by Petitioner have been addressed on the merits by the state court below. Having reviewed the state court decision, under the deferential AEDPA standard, this Court

finds that the decision is not contrary to clearly established federal law nor does it involve an unreasonable application of clearly established federal law.  The decision below is based on a reasonable determination of the facts in light of the evidence presented in the state court proceedings.  The Court **recommends** that the Motion to Dismiss *(Doc. 13)* be **GRANTED** and that Petitioner's Application For A Writ of Habeas Corpus (*Doc. 1*) be **DISMISSED with prejudice.**

**WHEREFORE, IT IS HEREBY RECOMMENDED** that *Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus With Prejudice (Doc. 13)* be **GRANTED** and *Petitioner's Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody (Doc. 1)* be **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**